JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Harold Bauer | National Security Technologies, LLC, a Deleware Limited Liability Company; ROE business organizations I-X; DOE |

| (b) County of Residence of First Listed Plaintiff   Clark County, NV | County of Residence of First Listed Defendant   Clark County, NV |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| James P. Kemp, 7435 W. Azure Dr., Suite 110, Las Vegas, NV 89130  (702) 258-1183 | Gerald L. Mikesell, P.O. Box 98521, M/S NLV 019, Las Vegas, NV 89193-8521 (702) 295-2228 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act (FMLA), 29 U.S.C. 2612 et seq.

Brief description of cause:
Plaintiff alleges that his employment was terminated in violation of the FMLA and in violation of Public

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  In Excess of $10,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| July 28, 2011 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1   GERALD L. MIKESELL, ESQ., NV Bar #3771
Corporate Counsel
2   National Security Technologies, LLC
P.O. Box 98521, M/S NSF 019
3   Las Vegas, NV 89193-8521
Telephone:  702.295.2228
4   Facsimile:   702. 295-3222
E-mail: mikesegl@nv.doe.gov
5

6   Attorneys for Defendants:
National Security Technologies, LLC
7

8               UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10

11  HAROLD BAUER,               Case No.  11-1221

12          Plaintiff,
                         **NOTICE TO FEDERAL COURT OF**
13  vs.                     **REMOVAL OF CIVIL ACTION FROM**
                         **STATE COURT**
14  NATIONAL SECURITY TECHNOLOGIES,
LLC, a Delaware Limited Liability      [28 U.S.C. §§ 1331, 1441 AND 1446]
15  Company; ROE Business Organizations
I-X; Doe Individuals I-X,
16

17         Defendants.

18

19       Defendants National Security Technologies, LLC ("Defendant"), through its counsel,

20  Gerald L. Mikesell, hereby gives notice that the Complaint, filed in the Eighth Judicial

21  District Court, State of Nevada, Clark County, has been removed to the United States

22  District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1441 and 1446.  See

23  "**Exhibit 1**".  This removal is based upon federal question and is timely.

24       In support of this removal, Defendants state as follows:

25       1.    On June 23, 2011, Plaintiff filed the Complaint in the Eighth Judicial District

26  Court, Clark County, State of Nevada.  On July 11, 2011, the Complaint was served on

27  Defendant.  See "**Exhibit 2**" (Service of Process Transmittal).  Plaintiff's Complaint arises

28

1   out of his employment with Defendant and alleges causes of action for" (a) wrongful

2   termination is violation of the Family and Medical Leave Act, 29 U.S.C. 2612 et seq., and

3   (b) retaliatory discharge in violation of public policy.

4        2.    This action is a civil action of which this Court has original jurisdiction under

5   28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions

6   of 28 U.S.C. § 1441, in that it is a civil action arising under the Constitution, laws, or treaties

7   of the United States.

8        3.    This Court has supplemental jurisdiction over any remaining state law claims

9   in accordance with 28 U.S.C. § 1367 and jurisdiction over any separate and independent

10   claims as provided in 28 U.S.C. § 1441(c).

11        4.    This Notice to Federal Court of Removal of Civil Action from State Court is

12   filed within 30 days after Defendant received a copy of the Summons and Complaint.

13        5.    Venue is proper in this Court, as this is the Court for the district and division

14   embracing the place where the action is pending in state court.  28 U.S.C. §§ 1391,

15   1441(a).

16        6.    A true and correct copy of this Notice of Removal has been or will be filed

17   with the Clerk of the Eighth Judicial District Court, County of Clark.

18        WHEREFORE, Defendants request that the above action now pending against them

19   in the above described State court be removed to this Court.

20

21   Dated:  July 28, 2011.

22

23

24                                      By:___ /s/ Gerald L. Mikesell_____

25                                           Attorney for National Security Technologies, LLC

26

27

28

Gerald L. Mikesell
Corporate Counsel
National Security Technologies, LLC
P.O. Box 98521, M/S NSF
North Las Vegas, NV89193-8521

2.

## PROOF OF SERVICE

I, Carla Coleman, declare under penalty of perjury that the foregoing is true and correct:

I am over the age of eighteen years and employed in the Law Department of National Security Technologies, LLC, located at 2621 Losee Road, North Las Vegas, NV 89030.  On July 28, 2011, I served the above named document by CM/ECF and U.S. First Class mail on:

**J.P. Kemp**
**Kemp & Kemp**
**7435 W. Azure Drive, Suite 110**
**Las Vegas, NV  89130**

_/s/ Carla Coleman_

Gerald L. Mikesell
Corporate Counsel
National Security Technologies, LLC
P.O. Box 98521, M/S NSF
North Las Vegas, NV89193-8521

1  GERALD L. MIKESELL, ESQ., NV Bar #3771
   Corporate Counsel
2  National Security Technologies, LLC
   P.O. Box 98521, M/S NSF 019
3  Las Vegas, NV 89193-8521
   Telephone:   702.295.2228
4  Facsimile:   702. 295-3222
   E-mail: mikesegl@nv.doe.gov
5
6  Attorneys for Defendants:
   National Security Technologies, LLC
7  Bechtel Nevada Corporation
8
9                    UNITED STATES DISTRICT COURT
10                        DISTRICT OF NEVADA
11
12  HAROLD BAUER,                          Case No. 11-1221
13              Plaintiff,            **DEFENDANT'S STATEMENT
                                      REGARDING REMOVAL**
14  vs.
15  NATIONAL SECURITY TECHNOLOGIES,
    LLC, a Delaware Limited Liability
16  Company; ROE Business Organizations
    I-X; Doe Individuals I-X,
17
               Defendants.
18
19
20          National Security Technologies, LLC ("Defendant"), through its attorney, Gerald L.
21  Mikesell, make the following statement regarding the removal of the above captioned civil
22  action to this court:
23          1.      Plaintiff filed his Complaint in state court on June 23, 2011.  Defendant was
24  served with the Summons and Complaint on July 11, 2011.
25          2.      Defendants removed the Complaint to the above named court on the basis of
26  federal jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1441 and 1446.
27          3.      This civil action was removed less than one year after it was commenced in
28  state court.  This civil action was removed on July 28, 2011, which is within 30 days of the

1  date Defendant was served with the Complaint.

2

3  Dated:  July 28, 2011.

4

5                                    By:___/s/ Gerald L. Mikesell_____

6                                         Attorney for Defendant

7

8

9                          **PROOF OF SERVICE**

10

11        The undersigned certifies that she is over the age of eighteen years, employed in

12  the Law Department of National Security Technologies, LLC, located at 2621 Losee Road,

13  North Las Vegas, NV 89030, and on July 28, 2011, she served the above named document

14  by CM/ECF as authorized by LR 5-4 on the following:

15        **J.P. Kemp** jpkempesq@aol.com;

16

17

18                                         _____/s/ Carla Coleman_____

19

20

21

22

23

24

25

26

27

28

Gerald L. Mikesell
Corporate Counsel
National Security Technologies, LLC
P.O. Box 98521, M/S NSF
North Las Vegas, NV89193-8521

1  GERALD L. MIKESELL, ESQ., NV Bar #3771
   Corporate Counsel
2  National Security Technologies, LLC
   P.O. Box 98521, M/S NSF 019
3  Las Vegas, NV 89193-8521
   Telephone:   702.295.2228
4  Facsimile:    702. 295-3222
   E-mail: mikesegl@nv.doe.gov
5
6  Attorney for National Security Technologies, LLC

7
8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11 HAROLD BAUER,                          Case No.  11-1221

12              Plaintiff,                **DEFENDANT'S NOTICE TO PLAINTIFF
                                          OF REMOVAL**
13 vs.

14 NATIONAL SECURITY TECHNOLOGIES,
   LLC, a Delaware Limited Liability
15 Company; ROE Business Organizations
   I-X; Doe Individuals I-X,
16
                Defendants.
17

18
19 TO:   Plaintiff and His Attorney, J.P. Kemp:

20        NOTICE IS HEREBY given that on July 28, 2011, Defendants National Security

21 Technologies, LLC filed in the above captioned court its Notice to Federal Court of Removal

22 of the above-entitled action, pursuant to 28 U.S.C. §§ 1331, 1441(b) and (c), and 1446,

23 and a Notice to State Court of Removal of civil action to federal court, copies of which have

24 been served upon J.P. Kemp.

25

26 Dated:  July 28, 2011.

27

28

Gerald L. Mikesell
Corporate Counsel
National Security Technologies, LLC
P.O. Box 98521, M/S NSF
Las Vegas, NV 89193-8521

1

By:   /s/ Gerald L. Mikesell

2

Attorney for Defendant

3

4

5

**PROOF OF SERVICE**

6

7    The undersigned certifies that she is over the age of eighteen years, employed in

8    the Law Department of National Security Technologies, LLC, located at 2621 Losee Road,

9    North Las Vegas, NV 89030, and on July 28, 2011, she served the above named document

10    by CM/ECF as authorized by LR 5-4 on the following:

11    **J.P. Kemp** jpkempesq@aol.com;

12

13

14

/s/ Carla Coleman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gerald L. Mikesell
Corporate Counsel
National Security Technologies, LLC
P.O. Box 98521, M/S NSF
North Las Vegas, NV89193-8521

2.

Electronically Filed
06/23/2011 07:50:09 PM

CLERK OF THE COURT

1   COMP
    JAMES P. KEMP, ESQUIRE
2   Nevada Bar No. 006375
    KEMP & KEMP, ATTORNEYS AT LAW
3   7435 W. Azure Drive, Suite 110,
    Las Vegas, NV 89130
4   (702) 258-1183
5   Attorney for Plaintiff

6                           DISTRICT COURT
7                        CLARK COUNTY, NEVADA

8                              * * *

9   HAROLD BAUER,                     )   Case No.: A - 1 1 - 6 4 3 8 9 0 - C
                                      )
10                     Plaintiff,     )   Dept. No.    X X V I I I
                                      )
11  vs.                               )   COMPLAINT
                                      )
12  NATIOINAL SECURITY TECHNOLOGIES,  )
    LLC, a Delaware Limited Liability Company; )  Arbitration Exemption: Seeking Equitable and
13  ROE business organizations I-X; DOE )  Extraordinary Relief
    INDIVIDUALS I-X,                  )
14                                    )   JURY TRIAL DEMANDED
                       Defendant.     )
15

16          COMES NOW THE PLAINTIFF, by and through Counsel of Record, JAMES P. KEMP,

17  ESQ., of the law firm of KEMP & KEMP, ATTORNEYS AT LAW, and for a cause of action does

18  hereby state and allege as follows:

19  I.      ALLEGATIONS COMMON TO ALL CLAIMS
20
21  1.      HAROLD BAUER (herein Plaintiff) is and was at all relevant times mentioned herein a
22          resident of Clark County, Nevada.
23  2.      Defendant NATIONAL SECURITY TECHNOLOGIES, LLC, a Delaware Limited
24          Liability Company is, and was at all relevant times mentioned herein, authorized to conduct
25          business in the State of Nevada and having a place of business in Clark County Nevada.
26
27
28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

1

3.  Doe and Roe Defendants are parties whose names or true identities are not now known to the Plaintiff. However, these defendants are believed to have some responsibility for the acts or omissions complained of herein. Upon discovery of the true name of any party, the Plaintiff will seek to amend this Complaint accordingly.

4.  This court has jurisdiction over the subject matter of this action and the parties hereto.

5.  Plaintiff, was employed by as a Journeyman Lineman for nearly three years from approximately December 2007 to October 21, 2010 when he was terminated from employment.

6.  On September 18, 2010 Plaintiff was injured on the job and a workers' compensation claim was filed. Plaintiff was subsequently taken off of work for a serious health condition resulting from the workplace accident and injury. Plaintiff's Doctor had him off work until approximately October 29, 2010 when he was released to full duty work. However, on October 21, 2010, while Plaintiff was off for his serious health condition brought on by the September 18, 2010 workplace accident and injury, the Defendant terminated the Plaintiff's employment.

7.  Defendant contended that the Plaintiff's termination was due to a "stabilization of ... workforce," but this alleged reason is false and pre-textual and in fact his termination was retaliation based upon his having filed a workers' compensation claim. Alternatively the Plaintiff was selected for termination as part of the "stabilization of ...workforce" specifically because he was in need of leave under the Family and Medical Leave Act of 1993 (FMLA) and/or because the Plaintiff had filed a workers' compensation claim less than one month before his termination and was pursuing his rights under the Nevada Industrial Insurance Act.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

2

A.    FIRST CLAIM: VIOLATION OF FMLA

All other Paragraphs herein are incorporated in this claim by reference as if fully set forth.

8.    The Defendant is liable to Plaintiff for violating his rights under the Family and Medical Leave Act (herein FMLA), 29 U.S.C. § 2612 et seq. and specifically for engaging in acts prohibited by 29 U.S.C. § 2615. Plaintiff was denied one or more of his substantive rights under the FMLA. Plaintiff was fired and/or otherwise discriminated against and/or retaliated against by the Defendant for his seeking and taking leave that qualified for protection under the FMLA. Defendant failed in its duty to provide leave and information related to his right to leave under the FMLA. Further, the Defendant failed and refused to rehire the Plaintiff after he was illegally terminated based on a discriminatory motive: the company sought to avoid the Plaintiff taking FMLA leave for his serious medical condition again in the future.

9.    The Defendant was and is an employer covered by the FMLA and subject to its provisions; during the one year period prior to September 18, 2010 it had at least 50 employees working within a 75-mile radius of the Plaintiff's workplace in the state of Nevada.

10.    The Plaintiff was an eligible employee under the FMLA in that at the time Plaintiff's need for leave arose he had worked for Defendant Werner for at least 12 months and during the twelve months prior to his need for leave he had worked at least 1,250 hours.

11.    The Plaintiff, at the relevant times mentioned herein, suffered from a serious health condition as defined by the FMLA and regulations issued pursuant to the FMLA by the United States Department of Labor.

12.    Plaintiff was effectively denied his right to reinstatement upon return from leave by being terminated prior to his return. The Defendant had no intention of permitting the Plaintiff to continue working upon his return from leave. Further, after having illegally terminated

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

3

the Plaintiff from employment rather than reinstating him at the end of his leave, the Defendant refused to rehire the Plaintiff with discriminatory motives because the Plaintiff had needed and taken FMLA leave for his serious medical condition in the past and also because the Defendant anticipated that the Plaintiff would take further FMLA leave in the future to treat his serious medical condition.

13. The violations of the FMLA were willful and without justification.

14. The Defendant's acts were done with malice, oppression, and willful disregard for Plaintiff's rights under the FMLA.

15. Plaintiff has been required to incur attorney fees and costs to pursue his legal rights and remedies through this action.

16. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies. These may include, but are not limited to, the following: money damages for lost wages and benefits, any other actual money damages caused by the Defendant's violation of the FMLA (such as medical expenses, if any); liquidated damages as provided for by the FMLA; interest as provided by the FMLA and other law; general damages including damages for emotional distress or mental anguish, pain, and suffering in accordance with the proof; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement; attorney fees and costs.

17. Plaintiff is entitled to and demands a trial by jury of all issues that may be tried to a jury.

///

///

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

4

**B.    SECOND CLAIM:  RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY**

All other Paragraphs herein are incorporated in this claim by reference as if fully set forth.

18.    Plaintiff's employment was terminated by Defendants in retaliation for his being injured on the job and his filing of a valid Workers Compensation claim and, thus, exercising his rights under the Nevada Industrial Insurance Act.

19.    Termination of Plaintiff's employment was in violation of strong public policy of the state of Nevada.

20.    Plaintiff suffered mental and emotional distress as a direct and proximate result of Defendants' actions.

21.    Plaintiff has suffered and will suffer lost wages as a direct and proximate result of the actions of the Defendants.

22.    The actions of the Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Nevada law.  The Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

23.    Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action

**II.    DEMAND FOR JUDGMENT FOR RELIEF**

The Plaintiff prays judgment against the Defendant as follows:

A.    All applicable relief provided for under 29 U.S.C. § 2612 et seq. and/or state law including, but not limited to

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

5

1.  Money damages for lost wages, salary, employment benefits, other compensation denied or lost, and/or any other monetary losses sustained due to the violation by the Defendants;

2.  General Damages in an amount in excess of $10,000.00;

3.  Punitive Damages;

4.  Liquidated Damages;

5.  Equitable, Injunctive, or Declaratory relief as may be appropriate including employment, reinstatement, promotion and/or front pay in lieu of employment, reinstatement, or promotion if the court determines such a remedy appropriate in this case;

6.  Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

7.  Interest on the above amounts as may be applicable under the law.

B.  Such other and further relief as the Court may deem just and proper.

DATED June 23, 2011.

                                                   _/s/ James P. Kemp_
                                            JAMES P. KEMP, ESQUIRE
                                            Nevada Bar No. 006375
                                            KEMP & KEMP
                                            7435 W. Azure Drive, Suite 110
                                            Las Vegas, NV 89130
                                            (702) 258-1183
                                            Attorney for Plaintiff

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

6

 CT Corporation

**Service of Process Transmittal**
07/11/2011
CT Log Number 518809635

TO: Theresa Hight
Northrop Grumman Systems Corporation
1840 Century Park East
Los Angeles, CA 90067-2199

RE: **Process Served in Nevada**

FOR: National Security Technologies, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Harold Bauer, Pltf. vs. National Security Technologies, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A11643890C |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On October 21, 2010 - Retaliation - Discrimination on the basis of exercising rights under the Family and Medical Leave Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/11/2011 at 15:02 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | James P. Kemp<br>Kemp & Kemp, Attorneys at Law<br>7435 W. Azure Drive, Suite 110<br>Las Vegas, NV 89130<br>702-258-1183 |
| **REMARKS:** | Please note that the process server underlined, circled, initialed and/or highlighted the entity being served prior to receipt by CT Corporation System to reflect the name of the intended recipient. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/12/2011, Expected Purge Date: 07/17/2011<br>Image SOP<br>Email Notification, Elizabeth Arteaga elizabeth.arteaga@ngc.com<br>Email Notification, Cynthia Thompson cynthia.thompson@ngc.com<br>Email Notification, Joe Costello joe.costello@ngc.com<br>Email Notification, Theresa Hight theresa.hight@ngc.com<br>Email Notification, Lima Bledman lima.bledman@ngc.com<br>Email Notification, melissa randolph melissa.randolph@ngc.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>Amy McLaren<br>311 South Division Street<br>Carson City, NV 89703<br>800-592-9023 |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.